**UNITED STATES of America,**
**Appellee,**

v.

**Daniel DeJesus AYALA, Appellant.**

**No. 00–3078.**

United States Court of Appeals,
District of Columbia Circuit.

April 23, 2002.

Before EDWARDS, ROGERS, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the

briefs of the parties. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). For the reasons stated in the accompanying memorandum, it is

ORDERED AND ADJUDGED that the judgment of the District Court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

This is an appeal from a conviction by jury of possession with intent to distribute fifty grams of cocaine base, and distribution of five or more grams of cocaine base. Appellant raises six issues on appeal, all of which are meritless in light of this circuit's precedent that he fails to distinguish. Accordingly, we affirm.

As to his trial, appellant fails to show that the other crimes evidence was improperly admitted under *United States v. Bowie*, 232 F.3d 923, 929–30 (D.C.Cir. 2000); *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C.Cir.1998) (en banc); *United States v. Clarke*, 24 F.3d 257, 264–65 (D.C.Cir.1994); and *United States v. Manner*, 887 F.2d 317, 321–22 (D.C.Cir.1989). Although an on-the-record balancing by the district court is preferable, it is not required, and appellant never requested it at trial. *Cf. Bowie*, 232 F.3d at 931; *Manner*, 887 F.2d at 322. Appellant's challenge to the government's use of the tape recordings and transcripts fails under *United States v. Holton*, 116 F.3d 1536, 1541 (D.C.Cir.1997), and *United States v. Slade*, 627 F.2d 293, 302–03 (D.C.Cir.1980); in any event, any error was harmless in light of the other evidence and the limiting

instructions to the jury. *See Slade*, 627 F.2d at 303; *cf. United States v. Strothers*, 77 F.3d 1389 (D.C.Cir.1996). Appellant also fails to show that the district court abused its discretion in denying both appellant's motion for the government to disclose the informant's identity prior to trial, *see* Fed.R.Crim.P. 16(a); *United States v. Mangum*, 100 F.3d 164, 172 (D.C.Cir.1996), and his motion for a one-day continuance, in light of the fact that appellant had the videotape that showed the informant in the course of the drug transactions at issue. *Cf. United States v. Bejasa*, 904 F.2d 137, 140 (2d Cir.1990).

Regarding sentencing, appellant's claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is precluded under *United States v. Fields*, 251 F.3d 1041, 1043 (D.C.Cir.2001), in which the court rejected the contention, in the context of a drug quantity determination, that *Apprendi* applies to Sentencing Guideline enhancements that result in sentences below the statutory maximum. *Cf. United States v. Webb*, 255 F.3d 890, 899–900 (D.C.Cir.2001); *In re Sealed Case*, 246 F.3d 696, 698 (D.C.Cir.2001). Given that appellant presented nothing to contradict the government's evidence that he sold more than fifty grams of cocaine base, the district court's finding with regard to the amount of drugs, and hence the base offense level, was proper under a preponderance-of-the-evidence standard. The introduction of appellant's post-sentence conviction for sentencing purposes was not error. *See United States v. Pugh*, 158 F.3d 1308 (D.C.Cir.1998).

Finally, the district court did not err in denying appellant's motion for a new trial under Fed.R.Crim.P. 33. *Cf. United States v. Williams*, 233 F.3d 592 (D.C.Cir. 2000). As the district court found, the evidence that appellant sought to introduce was mere impeaching evidence that was

unlikely to produce an acquittal at a new trial in light of the substantial corroborating evidence supporting the informant's testimony, the most telling of which were the video and audio tapes and the drugs provided to the police minutes after the transaction.