*316 SENTELLE, Senior Circuit Judge,
concurring in part and concurring in the judgment:
I concur in the decision of the court, and in much of what the court’s opinion has to say. On only two points do I differ from the thinking of the majority. First, I do not join the majority’s discussion in Part IV, concluding that the district court “improperly allowed the government to admit ‘other crimes’ evidence undér Federal Rule of Evidence 404(b).” Maj. Op. at 307.
As the majority recognizes, “[w]e review the district court’s decision to admit evidence under Rules 403 and 404(b) for an abuse of discretion.” Id. (citing Henderson v. George Wash. Univ., 449 F.3d 127, 132-33 (D.C. Cir. 2006); United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002)). I see no abuse in the present record. As the majority notes,
we have recognized that “[a] defendant’s hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.” United States v. Crowder, 141 F.3d 1202, 1208 n.5 (D.C. Cir. 1998). But “it can show that he knew how to get drugs, what they looked like, where to sell them, and so forth.” Id. Said another way, “[e]vi-dence of a defendant’s experience in dealing drugs * * * may be a ‘brick’ in the ‘wall’ of evidence needed to prove possession.” Id. Thus, the type of evidence the government introduced here— that of Sheffield’s prior PCP dealing— would generally be permissible to show that Sheffield had the requisite knowledge and intent to possess and distribute the PCP the officers found in the armrest console.
Maj. Op. at 307.
By holding that the district court nonetheless erred in admitting the evidence because, under Rule 403, “the staleness of [Sheffield’s 2002] conviction reduces its probative value such that-it is ‘substantially outweigh[ed]’ by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence,” id. at 308 (citing United States v. Bigesby, 685 F.3d 1060, 1065 (D.C. Cir. 2012)), the majority impermissibly replaces its judgment for that of the district court. See United States v. Mathis-Gardner, 783 F.3d 1286, 1288 (D.C. Cir. 2015) (“Our review for abuse of discretion does not permit us to ‘substitute our judgment’ for that of the trial court, ... so we cannot decide the issue by determining whether we would have reached the same conclusion.”). A Rule 403 balancing is, after all, an evidentiary resolution. In reviewing a finding of fact, “if the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). I see no reason why any different analysis would apply to the Rule 403 balancing, indeed the majority itself recognizes that this question is committed to the discretion of the district judge.
I would add that I not only do not understand how we can properly reverse a balancing whose resolution is allocated to the district court on nothing more than our differing opinion as to the effect of “staleness,” but also do not share the majority’s view that there is staleness. Therefore, of the four judges who have viewed the question of the admission of this evidence, two circuit court judges would, apparently in their discretion, not have admitted it. The district court judge, charged with the actual duty of deciding whether or not to admit it, decided to admit it. And, finally, one of the circuit court judges supposed to review *317 the issue only for abuse of discretion would also have admitted it.
Differing from the majority, I would find no error at all in the admission of the evidence and would deem it perfectly consistent with the exception to Rule 404(b) recognized in such cases as Crowder and with Rule 403. However, though the majority perceives an error not apparent to me, they deem it harmless. With that resolution, I join the majority’s disposition on Sheffield’s merits appeal.
I also differ from the majority with respect to the analysis supporting its conclusion'that there is plain error in the sentence. See Maj. Op. at 311-15. As I have stated on a prior occasion, “I fear that this circuit is drifting toward a jurisprudence in which there is no distinction between reviewing for ‘plain error’ and simply reviewing to determine whether the district court erred.” United States v. Head, 817 F.3d 354, 362 (D.C. Cir. 2016) (Sentelle, J„ dissenting). As the majority notes, “the government now concedes ... the district court’s application of the career-offender enhancement was plain error, and Sheffield is entitled to a new sentencing free from any such enhancement.” Maj. Op. at 311. Given the centrality of the prosecuto-rial function to the power of the Article II executive, I would simply accept that concession, vacate the sentence, and remand. As that is the same result reached by the majority, I concur in the judgment. However, I do not understand the need to then proceed to analyze whether there is in fact “plain error” or not in terms that seem to me to be potentially dangerous as precedent.
Briefly put, I simply do not see any definition of “plain” that requires an analysis based on a decision as to a different statutory scheme — that is the sentencing guidelines as opposed to the Armed Career Criminal Act — and as to which there was no consensus among the circuits nor controlling authority from this court or the Supreme Court.
That said, in the end, I agree with the court’s judgment as to both merits and sentencing issues, and I therefore concur.