KAYATTA, Circuit Judge,
with whom THOMPSON, Circuit Judge, joins, concurring.
Because the court’s opinion well marshals our controlling precedent in support of its conclusions, I join in full. I write *15 separately only to note that the admission of evidence of a prior conviction to establish the “intent” of the defendant in connection with the offense being tried can become indistinguishable from the admission of evidence of a prior conviction to prove a propensity to commit that type of crime.
The opinion for the court relies on our prior opinion in United States v. Manning, 79 F.3d 212, 217 (1st Cir. 1996) to approve the admission of a prior drug distribution conviction to prove the element of intent in this later drug distribution case. There is reason to think, though, that the inference that Manning licensed in this case, and in drug cases of this sort, is contrary to Federal Rule of Evidence 404(b). See United States v. Miller, 673 F.3d 688, 699 (7th Cir. 2012) (“How, exactly, does [the (defendant’s] prior drug dealing conviction in 2000 suggest that he intended to deal drugs in 2008? When the question is framed this way, the answer becomes obvious, even though implicit: ‘He intended to do it before, ladies and gentlemen, so he must have intended to do it again.’ That is precisely the forbidden propensity inference.”); United States v. Turner, 781 F.3d 374, 390-91 (8th Cir.) (similar), cert. denied, — U.S. -, 136 S.Ct. 208, 193 L.Ed.2d 160 (2015), cert. denied, — U.S. -, 136 S.Ct. 280, 193 L.Ed.2d 204 (2015), and cert. denied, — U.S.-, 136 S.Ct. 493, 193 L.Ed.2d 359 (2015).
This case illustrates the manner in which the relevance of a prior conviction admitted to prove “intent” under Manning may rest on little more than propensity. In its brief, the government did not articulate how Henry’s prior conviction was relevant to whether he intended to distribute the crack cocaine found in his pocket on May 29, 2014. At oral argument, the government posited that the prior conviction was relevant to Henry’s intent because the fact that Henry possessed fourteen separately packaged rocks of crack cocaine with the intent to, distribute them in March 2011 implies that he- intended to distribute the twenty-one separately packaged rocks of crack cocaine he possessed in May 2014. This reasoning is propensity-based. It requires inferring from Henry’s prior conviction that he has the following character trait: whenever he possesses separately packaged rocks of crack cocaine, he intends to distribute them. That is, his propensity is to be a seller, rather than a. buyer or user. It then requires inferring that he acted in accordance with that character trait in May 2014. The admission of Henry’s prior conviction on this line of reasoning, although allowed by Manning, appears to run afoul of Rule 404(b)(1), which bars the use of other acts evidence “to prove a person’s character in order to show that on a particular occasion the person acted in accordance with the character.”
For the foregoing reasons, one can make a good argument for going en banc in a future case .to reconsider our Rule 404(b)(1) jurisprudence. I say “future” case because, in this particular case, any Rule 404(b) error was harmless given the overwhelming evidence of Henry’s guilt.
The main argument for not revisiting Manning at some point (assuming one thinks it may be wrong) is that it might not be worth the effort, given that in drug cases of this sort, prior convictions are often admitted for multiple reasons. For instance, in many cases, prior convictions are admitted to show both knowledge of the nature of a substance and intent to distribute. See, e.g., United States v. Doe, 741 F.3d 217, 230 (1st Cir. 2013); United States v. Pelletier, 666 F.3d 1, 6 (1st Cir. 2011); United States v. Hicks, 575 F.3d 130, 142 (1st Cir. 2009); United States v. *16 Landrau-López, 444 F.3d 19, 24 (1st Cir. 2006); United States v. Nickens, 955 F.2d 112, 123-24 (1st Cir. 1992) (collecting cases). Commonly, there are chains of inference from a prior conviction to knowledge that do not include propensity as a necessary link. See, e.g., United States v. Arias-Montoya, 967 F.2d 708, 710-11 (1st Cir. 1992) (discussing several prior cases where prior convictions were admitted on knowledge grounds); United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990).
Overruling Manning would nevertheless have three nontrivial effects in cases where the only inferential chains linking a prior conviction to intent to distribute include criminal propensity. First, it would mean that juries in these cases would not be instructed that they could use prior convictions to infer intent. Second, it would mean that the relevance of a prior conviction to intent to distribute would contribute not to the conviction's probative value under Rule 403, but instead to the risk of unfair prejudice. Third, it would allow defendants to keep a prior conviction out of a case without having to stipulate to intent to distribute. These effects would occur even in cases where the prior conviction might be specially relevant on one of the other grounds listed in Rule 404(b)(2).
The third of these effects can be particularly significant. Consider, for example, a case in which a prior drug sale is relevant to knowledge, which happens not to be an element that the defendant desires to challenge. In Ferrer-Cruz, 899 F.2d at 139; United States v. Garcia, 983 F.2d 1160, 1175-76 (1st Cir. 1993); and Pelletier, 666 F.3d at 6, we pointed to the possibility that a defendant may remove an issue like knowledge from a case by tendering an express disavowal and willingness to accept a corresponding limitation on cross-examination and jury instruction. While we have never had occasion to accept or reject such an approach directly in construing Rule 404,[2] certainly the district courts can achieve the same result on their own simply by finding that the presence of such a disavowal and instruction shift the Rule 403 balance against admission. Manning complicates such an approach because it effectively requires a stipulation on intent as well in order to eliminate fully the Rule 404(b)(2) toehold for admitting the evidence. Of course, even under Manning, trial courts have ample room to keep out such evidence under Rule 403 even in the absence of a stipulation on intent. As this case shows, though, sometimes they do not exercise that discretion in this manner.

. The Supreme Court has held that a stipulation to felon status, when it is an element of a charged crime, does not eliminate the relevance of a prior conviction to that element, but merely impairs its probative value under Rule 403. See Old Chief v. United States, 519 U.S. 172, 179, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ("[The] evidentiary relevance [of Old Chief’s prior conviction] under Rule 401 [was not] affected by the availability of alternative proofs of the element to which it went, such as an admission by Old Chief....”); id. at 18 4, 117 S.Ct. 644 ("[W]hat counts as the Rule 403 ‘probative value of an item of evidence, as distinct from its Rule 401 ‘relevance,’ may be calculated by . comparing evidentiary alternatives.”). There is room to debate both whether this reasoning from Old Chief applies to prior convictions introduced for one of the purposes listed in Rule 404(b)(2) and whether its holding as to relevance applies to so-called "special relevance” under Rule 404(b). Compare United States v. Crowder, 141 F.3d 1202, 1206-07 (D.C. Cir. 1998) (en banc), with id. at 1212-13 (Tatel, J., dissenting).