**UNITED STATES of America, Appellee,**

v.

**Gregory L. LATNEY, Appellant.**

**No. 95–3170.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 23, 1997.

Decided March 21, 1997.

order.

Sebastian K.D. Graber, appointed by the court, Wolftown, VA, argued the cause and filed the briefs for appellant.

Ricardo J. Nuñez, Assistant U.S. Attorney, Carol Gables, FL, argued the cause for appellee. With him on the brief were Eric H. Holder, U.S. Attorney, John R. Fisher, Thomas C. Black, and David L. Smith, Assistant U.S. Attorneys, Washington, DC.

Before: SENTELLE and RANDOLPH, Circuit Judges, and BUCKLEY, Senior Circuit Judge.

Opinion for the Court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

A defendant on trial for one crime has committed other crimes. The prosecution wishes to introduce the other crimes into evidence. Special evidentiary rules apply. Federal Rule of Evidence 413, dealing with sexual assaults, is one such rule. Federal Rule of Evidence 404(b) is more general. It bars evidence of a defendant's other offenses to show that his actions conformed to his bad character, but allows this type of evidence "for other purposes." Most of the cases decided under Rule 404(b) concern criminal activities *before* the crime charged in the indictment. In this case, the defendant engaged in his other crimes *after* he allegedly committed the indicted offense. The defendant thinks this makes the evidence especially suspect under Rule 404(b). We do not.

■ A jury convicted Latney of aiding and abetting the distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Another person directly sold the crack to an informant. A two hour videotape, introduced into evidence, captures Latney driving his blue Lincoln Continental to and from his mother's house. Latney's passenger is the seller. After several trips and while out of camera range, Latney and the seller switch cars. The seller arrives back at the scene driving Latney's Continental. Latney returns in a different car, places a package on the curb, covers it, waits awhile, retrieves the object and appears to hand it to the seller. The seller drives away, makes his sale to the informant, returns a few minutes later and hands Latney cash. That the videotape might be interpreted differently, a point Latney presses on appeal, is no reason

for upsetting his conviction. The jury, having viewed the tape and heard the other evidence, had ample grounds for returning the verdict of guilty. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

■ Latney allegedly committed the aiding and abetting offense in September 1994. More than eight months later, in May 1995, Maryland police arrested him while he was with his wife at their home. At the house the police found more than 250 grams of crack and small plastic bags containing cocaine residue. Outside, in Latney's blue Lincoln Continental, the police recovered cash and more crack. Over a defense objection based on Rule 404(b), the trial court admitted this evidence for the purpose of showing Latney's intent and knowledge in September 1994.

■ The probative force of the May 1995 evidence for these purposes seems to us beyond question. Latney was using his blue Lincoln Continental in May 1995 to facilitate drug trafficking, which made it more likely that he was doing the same eight months earlier. It was more likely with the evidence than without it (*see* FED. R. EVID. 401) that Latney was knowledgeable about the drug trade in September 1994. True, it was possible that he first entered the business sometime after September 1994. But that possibility goes to the weight of the evidence, not its relevancy. Given Latney's involvement in the crack cocaine trade in May 1995, it was less likely that he was merely a bystander in the September 1994 transaction, as his counsel sought to persuade the jury. Latney's knowledge was an element of the aiding and abetting offense and hence a fact of "consequence" at his trial. FED.R.EVID. 401. So was Latney's criminal intent, a state of mind inconsistent with accident or inadvertence—a state of mind Latney's counsel contested through cross-examination. *See* 21 U.S.C. § 841(a)(1). Wholly apart from that defense strategy, knowledge and intent were in issue because the burden of proving these elements remained on the prosecution. *See Estelle v. McGuire,* 502 U.S. 62, 69, 112 S.Ct. 475, 480–81, 116 L.Ed.2d 385 (1991). The opinion in *United States v. Crowder,* 87 F.3d 1405 (D.C.Cir.1996) (en banc), which Latney

invokes, changes none of this. The Supreme Court vacated the judgment in *Crowder*, thereby depriving the opinion of any precedential effect. —— U.S. ——, 117 S.Ct. 760, 136 L.Ed.2d 708 (1997). *Crowder* would not have assisted Latney anyway. The case dealt with the effect of a defense offer to stipulate elements of a crime. Latney never proposed a stipulation regarding his intent and knowledge.

Thus far, we have treated this as a straightforward, run-of-the-mill Rule 404(b) case. As we said in the beginning, Latney sees his case differently because his other crimes occurred after, rather than before, the September 1994 offense for which he was tried. According to him, "courts have recognized the tenuous logical relationship between subsequent bad acts and a defendant's intent on an earlier occasion." Brief for Appellant at 25. Therefore, he thinks that the "probative value of subsequent acts evidence is subjected to a higher level of scrutiny than prior bad acts evidence." Reply Brief at 14. At one time the Third Circuit went considerably further: "The logic of showing prior intent or knowledge by proof of subsequent activity escapes us." *United States v. Boyd*, 595 F.2d 120, 126 (3d Cir. 1978). A decade later, the Third Circuit was less certain: it no longer disputed "that there may be cases in which evidence of subsequent wrongful acts may properly be admitted under Rule 404(b)." *United States v. Echeverri*, 854 F.2d 638, 645 (3d Cir.1988). Not only may such cases exist, they do and in significant numbers. *See* 2 JACK B. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE ¶ 404[08], at 404–49 to 404–50 & n.22 (1996).

For our part, we have approved the admission of later bad acts evidence in some cases, *e.g., United States v. Brown*, 16 F.3d 423, 431 (D.C.Cir.1994); *United States v. Watson*, 894 F.2d 1345, 1349 (D.C.Cir.1990); *United States v. Childs*, 598 F.2d 169, 174–75 (D.C.Cir.1979); *United States v. Gallo*, 543 F.2d 361, 365 (D.C.Cir.1976), and disapproved it in others, *e.g., United States v. Mitchell*, 49 F.3d 769, 776 (D.C.Cir.1995). To take from these opinions some special rule for treating later bad acts evidence is to misunderstand the opinions.

 Rule 404(b) draws no distinction between bad acts committed before and bad acts committed after the charged offense. Nor do our decisions. In each case the question Rule 404(b) poses is whether the bad acts evidence is relevant to something provable other than the defendant's character. *United States v. Jenkins*, 928 F.2d 1175, 1180 (D.C.Cir.1991). Relevancy does not exist in a vacuum. It "exists only as a relation between an item of evidence and a matter properly provable in the case." FED. R.EVID. 401 advisory committee's notes. One therefore cannot formulate a general rule, as Latney proposes, that any bad act committed more than a certain time after the charged offense is inadmissible under Rule 404(b). Suppose the defendant is charged with committing a murder in 1990. The fatal bullet contains distinctive rifling markings. In 1993 the defendant is arrested for illegal possession of a pistol. When the pistol is test fired, the bullets contain the same markings. No one would suppose that because the defendant was found in possession of the pistol three years after the murder this evidence is not relevant. Of course if the defendant had been caught with the gun three hours after the shooting, that evidence would be more powerful. But the strength of the evidence is a different matter than its relevancy. So long as the evidence makes a fact of consequence more or less likely, it is relevant. That the evidence is not conclusive, or even nearly so, is of no moment. "[M]ost convictions result from the cumulation of bits of proof which, taken singly, would not be enough in the mind of a fair minded person." *United States v. Pugliese*, 153 F.2d 497, 500 (2d Cir.1945) (Hand, J.). When it comes to relevancy, however, there is no sliding scale. The "item is either relevant or it is not; there is no in-between." *United States v. Russo*, 104 F.3d 431, 434 (D.C.Cir.1997) (citing *United States v. Foster*, 986 F.2d 541, 545 (D.C.Cir.1993)). A much-admired article made the same point long ago. *See* M.C. Slough, *Relevancy Unraveled*, 5 KAN. L.REV. 1, 2 (1956).

It is in this light that one must view our statements in *Watson* that the "temporal (as well as the logical) relationship between a defendant's later act and his earlier state of mind attenuates the relevance of such proof," 894 F.2d at 1349, and that "later acts are

most likely to show the accused's intent when 'they are fairly recent and in some significant way connected with prior material events,'" *id.* (quoting *Childs,* 598 F.2d at 174). The proposition these observations embody is merely that the more distant the time between two events the less likely the events are connected. That proposition does not decide a particular case, it does not establish a special rule and it was not meant to do any such thing. One might suppose—Latney does—that later bad acts differ from earlier bad acts when they are used to establish knowledge. To illustrate, proof that a defendant knew how to make crack cocaine in 1995 is strong evidence that he also knew this at the time of a 1996 offense charged in an indictment. The assumption that people do not forget forms the connection. On the other hand, proof that the defendant was making crack in 1997 is weaker evidence that he knew how to do so in 1996. Here the connection comes from an assumption, not only about memory, but about the acquisition of knowledge—if he knew it then, he may have learned it before. The evidence is weaker because the link is weaker. But if the 1997 evidence makes it more likely that the defendant was versed in crack manufacturing in 1996, it is nevertheless relevant under Rule 401. The English Court of Criminal Appeal made the same point more than a century ago. In a prosecution for uttering a counterfeit crown piece, proof of the defendant's later uttering a counterfeit shilling was properly admitted to show guilty knowledge. *Regina v. Forster,* 169 Eng. Rep. 803 (1855).

We therefore join the Eleventh Circuit and other courts of appeals in holding that "the principles governing what is commonly referred to as other crimes evidence are the same whether the conduct occurs before or after the offense charged," *United States v. Delgado,* 56 F.3d 1357, 1365 (11th Cir.1995) (footnote omitted). *See also United States v. Olivo,* 80 F.3d 1466, 1469 (10th Cir.1996); *United States v. Beechum,* 582 F.2d 898, 902 n. 1 (5th Cir.1978) (en banc). Those principles are that the other crimes evidence must be relevant to a fact of consequence in the trial other than the defendant's character, that relevance is determined pursuant to Rule 401, and that all relevant evidence is admissible (*see* FED.R.EVID. 402) unless another rule such as Rule 403 requires its exclusion.

Rule 403 allows the trial judge to bar relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice...." The presiding judge gave the most meticulous consideration to Latney's Rule 403 objection. He conducted an on-the-record review of the case law, he evaluated the probative value of the evidence and the similarity between the charged conduct and Latney's subsequent drug dealing, he weighed the potential prejudice to the defendant, and he took into account the effect of a strongly-worded cautionary instruction. Having done all this, the judge found that prejudicial effect did not "substantially" outweigh probative value. Although he had barred the prosecution from using other Rule 404(b) evidence against Latney, the judge allowed this evidence to come in. Far from constituting the sort of "grave abuse of discretion" warranting appellate reversal of a trial court's Rule 403 judgment, *Mitchell,* 49 F.3d at 776, the judge's treatment of this issue was a model of discretion soundly exercised.

*Affirmed.*