**UNITED STATES of America,**

v.

**Antonio D. KNIGHT, Defendant.**

**Crim. Action No. 01–0389(JR).**

United States District Court, District of Columbia.

Jan. 25, 2002.

Sarah Chasson, Assistant U.S. Attorney, Washington, DC, for United States.

Valencia Rainey, Federal Public Defender Serv., Washington, DC, for Defendant.

### *MEMORANDUM*

ROBERTSON, District Judge.

This memorandum sets forth the reasons for the ruling made in open court on January 11, 2002, denying without prejudice the government's motion to admit evidence under Federal Rule of Evidence 404(b).

Antonio Knight is charged by indictment with unlawful distribution of cocaine base (21 U.S.C. 841(a)(1) and (b)(1)(C)), unlawful possession with intent to distribute 5 grams or more of cocaine base (21 U.S.C. 841(a)(1) and 841(b)(1)(B)(iii)), and using, carrying and possessing a weapon during a drug trafficking offense (18 U.S.C. 924(c)(1)).

The government alleges the following: On August 31, 2001, Metropolitan Police Department (MPD) officers were conducting an undercover operation in the 200 block of 37th Street, S.E., in the District. At 9:55 p.m., an undercover officer in an unmarked car pulled alongside Knight and asked to purchase a "dime" rock of crack cocaine. Knight told the "undercover" to get out of his car, asked him how much

crack he wanted, poured several loose rocks of a tan substance into his own hand, and instructed the undercover to select one. The undercover chose one, gave Knight $10 in MPD marked funds, returned to his car, and conducted a field test on the rock. When the rock tested positive for crack, a different officer broadcast a description of Knight to an arrest team waiting in the area. The arrest team spotted a man fitting Knight's description running. A uniformed officer attempted to stop him. During the chase and struggle that ensued, Knight repeatedly (to use a standard-issue MPD phrase) "reached toward his waistband." After Knight was subdued, the police found a handgun in the front of his waistband—a Ruger 9mm semi-automatic with nine rounds in the magazine and one in the chamber. The undercover officer identified Knight as the man who had sold him the cocaine. A search incident to Knight's arrest uncovered approximately ten grams of a white rock-like substance, the pre-recorded funds, and an additional $150.

The government seeks to introduce, under Federal Rule of Evidence 404(b), testimony about a startlingly similar arrest of this same defendant that occurred one year earlier. The proffered testimony would show that, on July 22, 2000, at 527 50th Place, N.E., MPD officers observed Knight standing on the sidewalk holding a clear plastic bag that contained a white rock-like substance. Knight was holding the plastic bag in his right hand, up in the air, dangling between his fingers. Later, when the police saw Knight enter a vehicle, they conducted a traffic stop, in the course of which they "saw Knight reach toward his waistband and make a shifting motion towards his abdomen." A patdown and subsequent search recovered a .40 caliber Glock with ten rounds in the chamber, a .9mm Taurus loaded with fourteen rounds of ammunition, three large pieces of a white rock-like substance that field-tested positive for cocaine base, $328, latex gloves, and a cell phone.

The most interesting issue presented by this motion, and by the opposition to it, is whether the testimony is admissible at all, or whether it is tainted by the fact that it was suppressed by a Superior Court judge. The question appears to be one of first impression in this Circuit.

The exclusionary rule's "prime purpose" is to deter unlawful police conduct. *Illinois v. Krull*, 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). "[D]espite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons." *United States v. McCrory*, 930 F.2d 63, 67 (D.C.Cir.1991) (internal citations omitted).

In *United States v. Basinger*, 60 F.3d 1400, 1407 (9th Cir.1995), the Ninth Circuit upheld the introduction of evidence of a prior arrest based upon a police officer's discovery of certain items (including drugs) in a search incident to that arrest. The defendant had argued that the constitutionality of the prior arrest and subsequent search had to be determined before it could be used in a later trial, but the Ninth Circuit held such an assessment is "unnecessary ... because the Fourth Amendment does not bar admission of this evidence." *Id.* at 1407 (relying on *United States v. Lopez–Martinez*, 725 F.2d 471, 476 (9th Cir.1984)). The exclusionary rule did not bar introduction of the evidence, because there was no "bad faith or collusion by the officers involved in the [prior] and the instant cases," and the officer in the prior case did not have "the [instant] proceedings in [his] primary zone of interest." *Id.* (internal citations omitted). The court concluded that, "even if the [prior]

search was illegal, exclusion of the evidence in the present case would be unwarranted because exclusion would have a minimal deterrent effect." *Id.*

The Tenth Circuit has taken a similar approach. In *United States v. Hill,* 60 F.3d 672, 676 (10th Cir.1995), the defendant was convicted of possession of crack cocaine and possessing a firearm in relation to a drug trafficking offense. On appeal, the defendant asserted that the district court had erred in admitting police officers' testimony that he had possessed cocaine base during two prior arrests for which he was never formally charged. *Id.* at 675. The court held that the exclusionary rule does apply to evidence offered under Rule 404(b), but that "when 'the connection between police misconduct and evidence of a crime is sufficiently attenuated,' . . . exclusion neither protects the constitutional principles the rule was designed to protect, nor advances deterrence enough to justify its costs." *Id.* at 679 (quoting *United States v. Janis,* 428 U.S. 433, 458, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976)). "[T]hat level of attenuation only occurs when the issue of illegally seized evidence falls, in the words of the Supreme Court, 'outside of the offending officer's zone of primary interest.'" *Id.* (quoting *Janis,* 428 U.S. at 458, 96 S.Ct. 3021).

In *Hill,* the court did not find a sufficient level of attenuation: "Here, however, the very officers who conducted the earlier criminal investigation, including a drug investigation, of this defendant were called upon to testify about that drug involvement in order to obtain a drug conviction against the same defendant for conduct that occurred within just a few months of their initial investigations. All of this is a close enough nexus to convince us that the ultimate use of this evidence fell within the officers' zone of primary interest at the time these searches and seizures occurred." *Id.* at 680.

The government points to two D.C. Circuit cases that may bear on this issue.[1] In *McCrory, supra,* the court held that illegally seized evidence could be used in calculating the defendant's base offense level under the Sentencing Guidelines. 90 F.2d at 69. The rationale of that case actually tilts against the government's argument, however. The court reasoned that in "determining guilt, courts have been limited by strict evidentiary requirements." *Id.* at 68. Once guilt has been adjudicated, however, "the judge must have the fullest information available concerning the defendant's background in order to fashion the most appropriate sentence." *Id.* The introduction of Rule 404(b) evidence, of course, does go to the adjudication of guilt. In *United States v. Askew,* 88 F.3d 1065, 1072 (D.C.Cir.1996), the court of appeals appeared to assume—without analysis— that the exclusionary rule might bar 404(b) evidence. The prosecution called as a rebuttal witness a New Jersey state trooper who testified that he arrested Askew in New Jersey in 1989 on drug charges, which were later dismissed as a result of a class action alleging trooper bias. *Id.* at 1067–68. In analyzing the defendant's claims of ineffective assistance of counsel for failing to discover the dismissal of the charges, the court reasoned that the defendant "offered no reason to think that his arrest was based on an improper search of his property or that the officer in his case lacked probable cause to arrest him." *Id.* at 1072.

---

1. Government counsel's citation and forthright discussion of these two cases complies with both the letter and the spirit of Rule 3.3(a)(3) of the D.C. Rules of Professional Conduct and is commended.

I conclude, following the persuasive reasoning of the Ninth and Tenth Circuit decisions, that the exclusionary rule does not bar admission of Knight's July 2000 arrest. I cannot apply the "primary zone of interest test," which seems unnecessarily vague, but in this case, the arrests were a year apart and were conducted by different groups of officers. There is no evidence of collusion or bad faith between the groups of officers.

### 404(b) Analysis

 Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *U.S. v. Crowder*, 141 F.3d 1202, 1205 (D.C.Cir.1998) (*en banc*); *United States v. Latney*, 108 F.3d 1446, 1448–1450 (D.C.Cir.1997).

Knight's prior possession of narcotics and weapons arguably does bear on his knowledge of crack cocaine (and how to sell it) and his intent to sell the crack cocaine in his hand, and it would thus be admissible under Rule 404(b) if knowledge and intent were seriously at issue.[2] *Latney*, 108 F.3d at 1448. In this case, however, the proffered evidence of drug dealing with a very similar modus operandi conducted only a year earlier is, at best, cumulative on the question of knowledge and intent. It appears to have no real purpose except to prove that this defendant is a drug dealer—which is forbidden under Rule 404(b) as propensity evidence. I find the probative value of the evidence to be substantially outweighed by the danger of unfair prejudice. Fed.R.Evid. 403.

If the defense argues or suggests at trial that Knight did not intend to sell the drugs or that he did not possess the gun in connection with the drugs or know that he possessed it, however, *see Latney*, 108 F.3d at 1448 (defense counsel contested defendant's intent through cross-examination), he will "open the door" to receipt of the evidence.

---

2. The court in *Latney* did note that "[w]holly apart from that defense strategy, knowledge and intent were in issue because the burden of proving these elements remained on the prosecution." *Latney*, 108 F.3d at 1448.