*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HITESMAN, J. STEPHENS, and GASTON,
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Michael A. MARQUEZ**
Sonar Technician (Submarine) First Class (E-6), U.S. Navy
Appellant

**No. 201800198**

Decided: 28 October 2019

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judge: Captain Ann K. Minami, JAGC, USN. Sentence adjudged 20 March 2018 by a general court-martial convened at Naval Base Kitsap, Bremerton, Washington, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to pay grade E-1, confinement for four years, and a bad-conduct discharge.

For Appellant: Lieutenant Commander Kevin R. Larson, JAGC, USN.

For Appellee: Captain William J. Mossor, USMC; Major Kelli A. O'Neal, USMC.

Judge GASTON delivered the opinion of the Court, in which Senior Judge HITESMAN and Judge J. STEPHENS joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

————————————————

GASTON, Judge:

Appellant was convicted, contrary to his plea, of a single specification of indecent visual recording in violation of Article 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920c (2012), for surreptitiously video recording his 13-year-old stepdaughter, DS, naked in her bedroom after a shower. When DS later found the video on Appellant's phone, he denied any knowledge of it and then had her help him delete it. A copy of the deleted video was recovered from Appellant's computer, where it was located within backup files of an application designed to store hidden data using the last four digits of Appellant's social security number as its passcode.

Appellant raises four assignments of error (AOEs), which we reorder as follows: (1) admission of the backup copy of the deleted video of DS violated the best evidence rule, Military Rule of Evidence (MIL. R. EVID.) 1002, MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.); (2) the military judge erred in admitting other video recordings under MIL. R. EVID. 404(b) showing Appellant positioned a video recording device on another occasion in the family bathroom; (3) the evidence against the accused is factually insufficient to sustain his conviction; and (4) the military judge erred in denying in camera review of DS's mental health records.[1] We find no prejudicial error and affirm.

## I. BACKGROUND

In January 2017, while looking at photos on Appellant's iPhone, DS discovered a video of herself lying around in her bedroom naked after a shower before getting dressed. Distraught, DS told her mother, MM, who scrolled through the video and then confronted Appellant (MM's husband). Appellant said he had no idea how the video got on his phone. He became upset and said he would probably go away for a while and that DS and MM would not see him again. He then had DS help him delete the video from his phone.

---

[1] All four AOEs are raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The authorities were notified and searched various digital media devices seized from Appellant's home, including his iPhone, an iPad, a laptop, and a desktop computer. The video of DS was not found on the iPhone, but a copy of a video matching the video DS and MM described was recovered from the iPhone's backup data files on the desktop computer. The backup copy of the video was found within files associated with an application called "Secret Calculator," which is designed to secure hidden files on a cellular phone and used the last four digits of Appellant's social security number as its passcode.

The recovered 15-minute video was created on 23 April 2016, when DS was 13 years old. In the video, a blurry figure in plaid pajama pants—whose body and hand are the size of an adult's—appears briefly near the beginning of the video and then leaves the room off to one side after the recording device is positioned. Moments later, DS enters the room wearing a towel, appearing as though she has just gotten out of the shower. She takes off the towel and then lies around on her bed naked before getting dressed. She does not look at the recording device or appear to know it is there.

The trial centered on the issue of identity. The Defense argued that the video of DS—admitted into evidence as Prosecution Exhibit 1A—did not itself provide enough evidence to identify who set up the recording device. The Defense suggested the recording could have been made by DS's seven-year-old brother, LM, or by DS herself as a means of getting out of Appellant's house and going back to live with other family members in California.

Three other videos admitted under MIL. R. EVID. 404(b) figured into the issue of identity. Prosecution Exhibit 1D, recovered from the backup files on the seized laptop, shows Appellant wearing a pair of distinctive black pajama pants with orange writing. Prosecution Exhibits 1B and 1C, recovered from deleted files on the seized iPad, show a video recording device being positioned in December 2016 in a bathroom of the same family home where DS was recorded naked in her bedroom eight months earlier. In Prosecution Exhibit 1B, the recording device is being positioned in the bathroom by someone wearing the same distinctive black pajama pants with orange writing worn by Appellant in Prosecution Exhibit 1D. In Prosecution Exhibit 1C, the recording device is being repositioned in the same bathroom moments later by someone wearing Appellant's watch.

DS testified she was unaware she was being recorded naked in her bedroom when the video in Prosecution Exhibit 1A was made, but that she had noticed a phone that appeared to be recording her after she showered on another occasion around December 2016 in the same family home.

Additional facts necessary for resolution of the AOEs are included in the discussion below.

## II. DISCUSSION

### A. Best Evidence Rule

Prosecution Exhibit 1A was offered and admitted without Defense objection at trial.[2] Appellant now asserts that admission of the backup copy of the deleted video of DS violated the "best evidence" rule, which states, "An original writing, recording, or photograph is required in order to prove its content unless these rules, this Manual, or a federal statute provides otherwise." MIL. R. EVID. 1002. Because there was no objection at trial, we review for plain error, which occurs when there is an error, it is obvious, and it results in material prejudice to a substantial right. *United States v. Powell*, 49 M.J. 460, 463-65 (C.A.A.F. 1998).

We find an original is not required in this case under MIL. R. EVID. 1002 because the rules of evidence specifically do provide otherwise. First, an original is not required where "all the originals are lost or destroyed, and not by the proponent acting in bad faith." MIL. R. EVID. 1004(a). Second, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." MIL. R. EVID. 1003.

Here, the "original" video was deleted from Appellant's iPhone not by the proponent of the evidence (the Government), but by Appellant himself. We find no genuine question raised about the authenticity of the video file recovered from Appellant's computer, which was established through proper foundational testimony and matched what DS and MM saw on Appellant's phone before he deleted it.[3] Under these circumstances we find no unfairness, and no error, let alone plain error, in the admission of Prosecution Exhibit 1A.

### B. Admission of Evidence under MIL. R. EVID. 404(b)

Appellant asserts the military judge erred in denying a Defense motion to exclude three other video recordings—Prosecution Exhibits 1B, 1C, and 1D—

---

[2] The Defense initially objected to the exhibit on foundational grounds, but made no further objection to its admission after the government laid additional foundational testimony. Record at 217-19, 271-72.

[3] While the forensic examiner's first extraction attempt failed to download a viewable copy of the video due to the size of the file, the examiner was able to download the entire video after adjusting the digital extraction tool. Record at 209-10. We disagree with Appellant's assertion that the first, unsuccessful extraction attempt somehow created an additional "copy" requiring further analysis under the rule.

under Mil. R. Evid. 404(b). He argues the evidence was improperly used as proof of Appellant's propensity for misconduct. We review such rulings to admit or exclude evidence for an abuse of discretion, which requires not just a mere difference of opinion with the trial court but a determination that the challenged ruling is "arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (quoting *United States v. White*, 29 M.J. 236, 239 (C.A.A.F. 2010)).

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but it may be admitted for other purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Mil. R. Evid. 404(b)(1)-(2). A three-part test determines the admissibility of such evidence: (1) the evidence must reasonably support a finding that the accused committed the other acts; (2) a fact of consequence—other than the accused's character or propensity for misconduct—must be made more or less probable by the evidence; and (3) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. *United States v.* Reynolds, 29 M.J. 105, 109 (C.M.A. 1989) (citations omitted).

Here, the military judge admitted the evidence after applying the *Reynolds* test, finding it relevant for certain non-propensity uses, and determining its probative value to those non-propensity uses was not substantially outweighed by the danger of unfair prejudice. She noted in her preliminary ruling that "a key fact of consequence in this case is the identity of the individual who made the indecent visual recording that is the subject of Charge I."[4] She concluded that Prosecution Exhibits 1B, 1C, and 1D bore on that issue, as well as on other non-propensity issues, including Appellant's intent (to place the recording device in a location likely to capture naked images), motive (to capture naked images), plan or scheme (to position the camera in a location that would not be observable by the subject), and lack of mistake (by showing intentional manipulation and positioning of the recording device), in the creation of the video of DS.[5] In a follow-up discussion at trial, the military

---

[4] Appellate Exhibit XXXIII at 3. Indeed, this was Appellant's principal defense throughout the trial—that he was not perpetrator of the offense because he was not the creator of the recording, the identity of whom is not ascertainable from the video of DS alone.

[5] *Id.*

judge adopted her prior reasoning and emphasized that the three videos were "most probative towards establishing identity."[6]

"Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citation omitted). We find no evidence that the military judge did not correctly construe the law, nothing unreasonable about her decision to admit Prosecution Exhibits 1B, 1C, and 1D for the limited purposes she outlined in her written and oral rulings, and no indication that she did not limit her consideration of the evidence to those purposes. Such proper, non-propensity use of the evidence under MIL. R. EVID. 404(b) finds ample support in the case law.[7]

Accordingly, we find no abuse of discretion in the admission of Prosecution Exhibits 1B, 1C, and 1D.

## C. Factual Sufficiency

Appellant asserts the evidence is factually insufficient to support a conviction for indecent visual recording under Article 120c, UCMJ. We review such issues de novo. Art. 66(c), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

In evaluating factual sufficiency, we ask whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). We do so by taking a "fresh, impartial look at the evidence" and reaching an "independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at

---

[6] Record at 275.

[7] *See, e.g., United States v. Morrison*, 52 M.J. 117, 122 (C.A.A.F. 1999) (use of other similar acts to establish modus operandi as proof of identity); *United States v. Barnett*, 63 M.J. 388, 395 (C.A.A.F. 2006) (factors to consider in assessing similarity of acts on issue of identity); *United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004) (use of other similar acts to establish intent); *United States v. Watkins*, 21 M.J. 224, 227 (C.M.A. 1986) (use of other similar acts to show intent and rebut any claim of accident); *United States v. Latney*, 108 F.3d 1446 (D.C. Cir. 1997) (subsequent similar activities admissible to show intent regarding prior charged offense); *United States v. Jenkins*, 48 M.J. 594, 598-99 (A.C.C.A. 1998) (use of other similar acts to establish motive); *United States v. Munoz*, 32 M.J. 359 (C.M.A. 1991) (other similar acts from over a decade prior admissible to show plan).

399. A conviction for indecent visual recording under Article 120c, UCMJ, requires proof beyond a reasonable doubt that Appellant knowingly and wrongfully recorded the private area of DS, without her consent, under circumstances in which DS had a reasonable expectation of privacy. MCM, Part IV, ¶ 45c.a.(a)(2).

Here, the video recording discovered by DS on Appellant's phone, and subsequently recovered from backup files on Appellant's computer, captured the private area of DS under circumstances in which she had a reasonable expectation of privacy. DS's testimony that she did not consent to the recording is supported by the video itself, in which she does not look at the recording device or appear to know it is there. Further, the evidence that Appellant was the creator of the video, while circumstantial, is strong. When confronted about the video DS found on his phone, Appellant claimed ignorance, but then, rather that get to the bottom of how such a recording of his teenaged stepdaughter came to be, immediately took steps to delete it. The deleted video was later found in backup files on Appellant's computer, associated with an application designed to hide files that used the last four digits of his social security number as its passcode. At the beginning of the video, a clothed, adult-size figure can be seen leaving the room off to one side moments before DS enters the room wearing only a towel. Finally, evidence found on other digital media from Appellant's home supports not only that he was the one who set up the device that recorded the video of DS, but that he did so knowingly and wrongfully in an effort to surreptitiously record her private area when she entered her bedroom after taking a shower.

After carefully weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced of Appellant's guilt beyond a reasonable doubt.

### D. Production of DS's Mental Health Records

Lastly, Appellant asserts error in the military judge's denial of a Defense motion seeking in camera review of DS's mental health records. We review such a denial by the trial court for an abuse of discretion. *United States v. Chisum*, 77 M.J. 176, 179 (C.A.A.F. 2018).

Confidential communications between a patient and her psychotherapist for the purpose of facilitating mental health diagnosis or treatment are generally protected from disclosure in cases arising under the UCMJ. MIL. R. EVID. 513(a). Before the military judge may order such privileged material produced even for in camera review, she must find the moving party has demonstrated four different things by a preponderance of the evidence:

(A) a specific factual basis demonstrating a reasonable likelihood that the records or communications would yield evidence admissible under an exception to the privilege;

(B) that the requested information meets one of the enumerated exceptions under subsection (d) of [MIL. R. EVID. 513];

(C) that the information sought is not merely cumulative of other information available; and

(D) that the party made reasonable efforts to obtain the same or substantially similar information through non-privileged sources.

MIL. R. EVID. 513(e)(3). If the military judge determines each of the above factors is met except for meeting one of the rule's enumerated exceptions, the military judge must then determine whether in camera review is constitutionally required and, if so, take further action as necessary. *J.M. v. Payton-O'Brien*, 76 M.J. 782, 789 (N-M. Ct. Crim. App. 2017).

In support of its motion, the Defense submitted evidence obtained from DS's mother, MM, that DS had received mental health treatment for anxiety and depression prior to discovering the video of herself on Appellant's phone; that DS received further mental health treatment in the wake of that discovery; and that during her psychotherapy sessions DS discussed, among other things, that Appellant had video recorded her.[8] In pursuit of its theory that DS had created the video herself out of jealousy and a desire to leave Appellant's house and return to California, the Defense argued it needed "to review and confront DS with any exculpatory statements contained within her mental health records" following the court's in camera review of the material.[9]

The military judge denied the Defense motion for in camera review of DS's mental health records, concluding that Appellant had failed to establish the first three prongs of MIL. R. EVID. 513(e)(3).[10] We find no abuse of discretion in her ruling, the reasoning of which we summarize briefly in taking up some of the underlying issues.

First, the military judge concluded the Defense motion failed the first prong because it was premised on the mere speculation that because DS had

---

[8] Appellate Exhibit XI; Record at 47-78.

[9] Appellate Exhibit XI at 6.

[10] Appellate Exhibit XXXII.

told her psychotherapist about finding the video on Appellant's phone, her mental health records would contain prior inconsistent statements or other information impacting her credibility or otherwise exculpatory to Appellant.[11] We agree. The mere fact that an alleged victim has a discussion with her mental health provider about the subject matter of her prospective trial testimony does not, in and of itself, provide a *specific factual basis* demonstrating a reasonable likelihood that access to those privileged discussions would yield admissible evidence. That is particularly true in this case, where the video DS claimed to have found, which Appellant then deleted, was not only seen by MM but also recovered from Appellant's computer.

Second, the military judge found the requested information did not meet one of the enumerated exceptions under MIL. R. EVID. 513(d). The Defense argued below, as Appellant does now, that the information falls within the "child abuse" exception, which states there is no privilege "when the communication is evidence of child abuse or of neglect, or in a proceeding in which one spouse is charged with a crime against a child of either spouse. MIL. R. EVID. 513(d)(2). Citing our sister court's decision in *LK v. Acosta*, 76 M.J. 611 (A. Ct. Crim. App. 2017), the military judge refused to accede to the interpretation that the exception applies in this case, which she reasoned would lead to absurdity. Among other things, it would mean that due solely to the nature of the charge against Appellant, no one involved in his court-martial proceedings would have a mental health privilege.[12]

We agree with the military judge's view under the facts of this case. As the court in *Acosta* points out, when interpreting rules of evidence under well-established principles of statutory construction, "the plain language will control, unless use of the plain language would lead to an absurd result." *Id.* at 617 (quoting *United States v. Lewis*, 65 M.J. 85, 88 (C.A.A.F. 2007)). The psychotherapist-patient privilege in MIL. R. EVID. 513 is derived from *Jaffee v. Redmond*, 518 U.S. 1 (1996), in which the Supreme Court recognized the societal benefits of encouraging mental health treatment, which would not ordinarily be sought out without assurance that the confidential discussions between patients and their mental health providers would be kept confidential. *Id.* at 10-11; MCM, Analysis of MIL. R. EVID. 513, at A22-51. Even taking into account the maxim that privileges should be narrowly construed,[13] it

---

[11] *Id.* at 3.

[12] Appellate Exhibit XXXII at 4.

[13] *See Trammel v. United States*, 445 U.S. 40, 50-51 (1980).

would indeed lead to an absurd result if we interpreted the exception under MIL. R. EVID. 513(d)(2) to eviscerate DS's mental health privilege at precisely the time she was arguably most in need of such professional care, which is itself rooted in maintaining patient confidentiality.[14]

Nor does this case present the type of circumstance in which, even absent proof of an enumerated exception under MIL. R. EVID. 513(d), court intervention is warranted as a means of ensuring Appellant's constitutional right to "a meaningful opportunity to present a complete defense." *Payton-O'Brien*, 76 M.J. at 789 (quoting *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006)). As this Court has previously found, such intervention is properly reserved for cases hinging on the competency, credibility, and reliability of the witness at issue, such that any potential defects in her capacity to understand, interpret, and relate events are essential to the defense. *Payton-O'Brien*, 76 M.J. at 789 n.28. While Appellant's defense at trial posited that DS could have made the recording herself —and then waited over eight months to "discover" it on Appellant's phone—this theory that DS framed Appellant as means of getting out of the house is belied not only by common sense but also by the physical evidence. We decline to find DS's mental health records were essential to the Defense under such circumstances, based on the mere possibility of finding useful impeachment evidence nestled among the privileged discussions.

Finally, the military judge found the information sought by Appellant was merely cumulative of other information available to the Defense. Based on the information presented in its motion, the Defense was already aware—and could establish through DS's mother, MM—that DS had been diagnosed and treated for various mental health issues, that she had experienced difficulties in her relationship with Appellant, and that she had other possible motives to fabricate.[15] Indeed, the Defense was able to elicit precisely this information from MM at trial.[16] In this area, as with the other aspects discussed above, we find nothing arbitrary, fanciful, clearly unreasonable, or clearly erroneous about the trial court's ruling.

---

[14] *See Jaffee*, 518 U.S. at 11-12 (discussing that without a psychotherapist-patient privilege, "confidential communications between psychotherapists and their patients would surely be chilled, particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation").

[15] Appellate Exhibit XXXII at 4.

[16] Record at 173-79.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59 and 66, UCMJ. The findings and sentence as approved by the convening authority are **AFFIRMED**.

Senior Judge HITESMAN and Judge J. STEPHENS concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court